**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4461**

UNITED STATES OF AMERICA

             Plaintiff – Appellee,

      v.

CAESAR PONCE RODRIGUEZ, a/k/a Cora

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00362-NCT-2)

Submitted:  January 13, 2014          Decided:  January 22, 2014

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Rafael Rodríguez, Miami, Florida, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caesar Ponce Rodriguez appeals his conviction and eighty-six-month sentence imposed following his guilty plea to conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court adequately complied with Fed. R. Crim. P. 11 in conducting the plea colloquy and whether it imposed a reasonable sentence. Rodriguez was informed of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary, supported by an independent factual basis, and not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Because Rodriguez did not assert in the district court any error in the plea proceedings, we review the adequacy of his plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Rodriguez must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. Massenburg, 564 F.3d at 343. Even if these requirements are met, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Our review of the record reveals that the district court substantially complied with the requirements of Rule 11 in conducting the plea colloquy. While the court made minor omissions or misstatements during the colloquy, see Fed. R. Crim. P. 11(b)(1)(G), (N), we are satisfied that any error did not affect Rodriguez's substantial rights. See Massenburg, 564 F.3d at 343. The court otherwise complied with the requirements of Rule 11, ensuring that the plea was knowing, voluntary, and

3

supported by a factual basis.  We therefore find the plea valid and enforceable.

We review Rodriguez's sentence for reasonableness, applying "a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).  In explaining the basis for its sentence, "a court need not robotically tick through § 3553(a)'s every subsection," but need only provide "some indication" that it considered the § 3553(a) factors as they apply to the defendant and any nonfrivolous arguments raised by the parties.  United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).  The rationale "need not be elaborate or lengthy," but it must be "tailored to the particular case at hand and adequate to permit meaningful appellate review."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances."  Gall, 552 U.S. at 51.  The sentence imposed must be "sufficient, but not greater than necessary," to satisfy

4

the goals of sentencing. See 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." Montes-Pineda, 445 F.3d at 379 (internal quotation marks omitted).

We have thoroughly reviewed the record and discern no error in Rodriguez's sentence. The court properly calculated Rodriguez's Guidelines range and sentenced him within this range and the statutory sentencing range applicable to his offense. Although the court's explanation for its sentence was brief, it was sufficiently grounded in the § 3553(a) factors and provided adequate explanation for its reasoning to support the sentence. Rodriguez also fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rodriguez's conviction and sentence. This court requires that counsel inform Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>